LOEB & BLOOM *v.* JOHN P. MORTON & CO. AND JOHN P. MORTON & CO. *v.* BONNIE BROS.

1. JUDGMENT. *Against partners. Validity thereof. Service of process. Appearance by plea in abatement.*

M. sued out an attachment against "H. & Co.," and levied on certain goods belonging to H. and B., composing the defendant firm. A plea in abatement, traversing the grounds of the attachment, was filed, commencing "H. and B., partners under the firm name of H. & Co.," etc. This plea was signed by H. only. The declaration on the debt was against H. and B., composing the firm of "H. & Co." The sheriff's return showed service on "H. & Co.," and on this return and declaration judgment by default was rendered against "H. & Co.," composed of H. and B. *Held,* that such judgment is valid against the firm of "H. & Co.," composed of H. and B.

2. BUSINESS SIGN. *Persons transacting business presumed to be owners. Section 1300, Code of 1880, construed.*

Section 1300, Code of 1880, provides, "If any person shall transact business as a trader, or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or 'Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, * * * all the property, stock, money, choses in action, used or acquired in such business, shall, as to the creditors of any such person, be liable for his debts, and be, in all respects, treated in favor of his creditors, as his property." The effect of this statute is to make "all the property, stock, money, and choses in action used or acquired in such business" the property of him who transacts such business, and liable for his debts, without regard to the sign under which the business is conducted, unless by a proper sign the name of the owner of, or partner in, the business be disclosed.

3. SAME. *Individual and partnership creditors of firm. Priority of latter. Effect of. Section 1300, Code of 1880.*

H. did business in the town of O. under the firm name of "H. & Co." H. and B. did business in the town of A. under the firm name of "H. & Co." The sign, "H. & Co.," was displayed over the door of both stores. B. had the exclusive management of the business in A. *Held,* that the statute above quoted does not affect the right of a judgment creditor of the firm of "H. & Co.," composed of H. and B., to have the assets of that firm applied to the payment of his judgment to the exclusion of the judgment creditors of the firm of "H. & Co.," composed of H. alone, they being individual creditors of H.

4. CHANCERY JURISDICTION. *Application of partnership assets. Motion in circuit court, whether res judicata.*

It is only in courts of chancery that partners may insist that firm assets shall

first be applied to firm debts, and when a motion is made to that effect in a court of law and overruled, the parties so moving are not thereby debarred from making a similar application by proper proceedings in a court of chancery.

5. EXECUTION.  *From circuit court.  Levy by constable.  On proceeds of sale in attachment.*

    B., an individual creditor of H., sued out a writ of attachment before a justice of the peace and caused the same to be levied on goods belonging to the firm of "H. & Co.," composed of H. and B.  The goods were sold by the constable who levied the writ, and while the money derived from the sale was in his hands, M., who had a judgment in the circuit court against "H. & Co.," had an execution issued thereon, and placed in the hands of the constable to be levied on the proceeds of the sale under B.'s attachment.  *Held*, that the levy by the constable of the execution from the circuit court amounted to nothing, and did not affect B.'s right to the money under his attachment.

APPEAL AND CROSS-APPEAL from the Chancery Court of Monroe County.

HON. BAXTER MCFARLAND, Chancellor.

In December, 1884, H. C. Buchanan was doing business in Okolona, under the firm name of " H. C. Buchanan & Co.," a firm composed of himself alone; he was also doing business in Aberdeen under the firm name of "H. C. Buchanan & Co.," a firm composed of H. C. Buchanan and C. C. Bruckner.  Above the door of both establishments were the signs " H. C. Buchanan & Co."  Buchanan lived in Okolona and managed the business there, while Bruckner managed the business in Aberdeen.  Buchanan failed.  Bonnie Bros. and Loeb & Bloom, creditors of the Okolona house, and John P. Morton & Co., creditors of the Aberdeen house, sued out attachments and levied on the goods in the Aberdeen house in the order named.  Bonnie Bros.' attachment was sued out before a justice of the peace; the other two attachments were sued out of the circuit court.  Judgments were rendered in the Bonnie Bros. and Loeb & Bloom cases against the firm of "H. C. Buchanan & Co.," composed of H. C. Buchanan; and in the John P. Morton & Co. case against the firm of "H. C. Buchanan & Co.," composed of H. C. Buchanan and C. C. Bruckner. The case of Bonnie Bros. was appealed to the circuit court, where

a judgment was rendered for the plaintiffs. After the rendition of the three judgments referred to, all being in the circuit court, John P. Morton & Co. moved the court to apply all the money derived from the sale of the goods levied on under the several attachments to the satisfaction of their judgment. This motion was overruled and a bill of exceptions taken.

Then John P. Morton & Co. and H. C. Buchanan & Co., composed of H. C. Buchanan and C. C. Bruckner, filed this bill in chancery to marshall the assets of H. C. Buchanan and C. C. Bruckner, and to have such assets appropriated to the debts of the firm of H. C. Buchanan & Co. first.

The attachment of John P. Morton & Co. was not levied upon the goods attached by Bonnie Bros., but the money derived from the sale of the goods while still in the hands of the constable was attempted to be subjected to the claim of John P. Morton & Co., by placing the execution issued by the circuit court on the John P. Morton & Co. judgment in the hands of the constable holding the money. The return of the constable on this execution is as follows: "By virtue of the above execution I have this day levied on one hundred and fourteen dollars, in my hands as money of H. C. Buchanan & Co., and have the same now in my possession, subject to the order of the court." The balance of the goods were levied on and sold under all three of the attachments.

The defendants, Loeb & Bloom and Bonnie Bros., in their answer contended that the judgment of John P. Morton & Co. was either void *in toto* or void as to Bruckner, because the latter was never a party to the suit. On this point the affidavit in attachment is, "that H. C. Buchanan & Co. are indebted," without mentioning Bruckner's name; the writ is against "H. C. Buchanan & Co.," without naming Bruckner; the bond is payable to "H. C. Buchanan & Co." without mentioning Bruckner's name; the sheriff's return is that he has summoned "H. C. Buchanan & Co." without mentioning Bruckner's name; the declaration is that "John P. Morton & Co. complain of H. C. Buchanan and C. C. Bruckner, partners composing the firm of H. C. Buchanan & Co.;" there are no pleas on file; Messrs. Sykes & Bristow

testified that they prepared and filed a plea in abatement or traverse of the grounds of attachment, commencing "H. C. Buchanan and C. C. Bruckner, partners under the firm name of H. C. Buchanan & Co., in their own proper persons come and defend, etc.," that the plea was intended to be signed by both defendants, but Bruckner was absent, and it was signed by Buchanan alone. It was admitted that after final judgment, counsel for John P. Morton & Co. moved the court to have the sheriff amend his return in accordance with the facts of the case, so as to show personal service on C. C. Bruckner. The court overruled the motion. It is also admitted that Bruckner was in Aberdeen at the time of the attachment.

The bill prayed for an injunction against the sheriff and constable to prevent them from paying the money over to the defendants. The defendants moved that the injunction be dissolved on bill, answer, and proof. This motion was overruled as to Loeb & Bloom and sustained as to Bonnie Bros. Loeb & Bloom appealed, and John P. Morton & Co. prayed a cross-appeal.

*Houston & Reynolds*, for the appellants and cross-appellees.

1. The plea in abatement was not signed by counsel, nor was it signed by the firm of H. C. Buchanan & Co. It purported to be the personal plea of H. C. Buchanan and C. C. Bruckner, composing the firm of H. C. Buchanan & Co., "who, in their own proper persons, come and defend," and was signed by H. C. Buchanan alone. There is nothing to show that Bruckner assented to this as an appearance for him, and it was contemplated that he would sign the plea, but he never did. If it had been executed or signed in the name of the firm by Buchanan, with Bruckner's assent, this would have made it the plea of the firm, but signed by Buchanan alone and pleaded *in personam*, it is his plea and his appearance. One partner has no power to enter an appearance for his copartner in a suit in which he was *not served with process*, or to bind the firm by a confession of judgment, and in such a case the judgment will be binding alone on the partner who enters the appearance or confesses the judgment. *Hull* v. *Garner*, 31 Miss. 145; 2 Lindley on Part. 474, note 2.

If the plea had been signed by counsel, it would have been an

appearance for both members of the firm, and as Buchanan had no power to enter an appearance for his partner, Bruckner, the plea signed by him alone is his appearance and plea.

If Bruckner was not a party to the suit of John P. Morton & Co., then the judgment against him is void, and as judgments are entireties, void as to one defendant they are void as to all. This is the settled rule in Mississippi, but in some of the other States the judgment is void alone as to the defendant not made a party. 17 Am. Dec. 356–364; *Parisot* v. *Green*, 46 Miss. 760; *Dyson* v. *Baker*, 54 Ib. 24–30; *Rule* v. *Broach*, 58 Ib. 555; *Hull* v. *Williams*, 6 Pick. 232.

2. The goods in the storehouse in Aberdeen, and which were attached by Bonnie Bros. and Loeb & Bloom, though they belonged to the firm of H. C. Buchanan & Co., composed of Buchanan and Bruckner, are liable to the individual creditors of H. C. Buchanan under § 1300 of Code of 1880. *Gumbel* v. *Koon,* 59 Miss.; *Marks* v. *Kahn*, MS.

3. The action of the circuit court in overruling the motion of John P. Morton & Co. against Loeb & Bloom and H. C. Buchanan & Co. to apply the proceeds arising from the sale of the attached property to their attachment and judgment, is an adjudication of the questions raised in this case, and estop John P. Morton & Co.

The motion was based on the very same grounds as the bill in equity. Not only do the motion and bill involve the very same questions, but the very questions of law and fact raised in the equity suit were decided in the proceeding by motion.

We do not question that the lien of firm creditors on firm assets and which is to be worked out through the lien of the partners on the assets is a subject-matter of equity jurisdiction. But when processes issuing from a court of law have been levied on firm property, and the firm and individual creditors have a contest over the funds raised by a sale under the processes, the law court can adjudicate the contest, and it is a jurisdiction which is incident to its very existence as a court.

4. The argument which we have made is a vindication of the action of the Chancellor in sustaining the motion to dissolve the in-

junction as to Bonnie Bros. on the cross-appeal, which brings into question this action of the court below. We submit the following :

The attachment of John P. Morton & Co. was never levied upon the property which was seized and sold under the attachment of Bonnie Bros. If Bonnie Bros. were the individual creditors of H. C. Buchanan, his interest in the firm property was liable to seizure and sale, and having been attached and sold, Bonnie Bros. are entitled to the fruits of their levy and sale. *Com. Bank* v. *Crowner*, 6 How. 530 ; *Williams* v. *Gage*, 49 Miss. 780 ; *Hall* v. *Meadow*, 56 Miss. 674.

*Clifton & Eckford*, for the appellees and cross-appellants.

1. The judgment of John P. Morton & Co. against H. C. Buchanan and C. C. Bruckner is a valid judgment and binds the assets of the partnership as well as the property of the individual members. Even had there been no service on C. C. Bruckner, and no appearance by him by plea, yet under the circumstances in this case the judgment would bind the partnership assets. From appellants' standpoint in this particular aspect of the case the contention is "that the evidence on which the judgment is based must be shown by the record " in order to give validity to the judgment. We deny the proposition, and assert that no law or practice requires that the record should show that the partner who was not summonsed "could not be found or was a non-resident." That the court having acted by giving judgment, it is a presumption of law that there was sufficient evidence before the court to establish the fact that the partner, C. C. Bruckner, either " could not be found or was a non-resident."

This presumption, like many other presumptions of law, has crystallized into a cold rule of law, and parol testimony is inadmissible to contradict or destroy such presumption.

They attack the judgment *collaterally* on facts, resting *"in pais,"* and seek to establish those facts by parol testimony. The rule will not permit it. We concede that the facts relied upon by them did exist, but insist that all evidence (parol) of such facts is incompetent, and should be excluded. R. C. 1880, § 1519 : *Bryant's*

*Case,* 62 Miss. 350 ; *Cason* v. *Cason,* 31 Miss. 590 ; *Cannon* v. *Cooper et al.,* 39 Miss. 784.

An appearance to the abatement proceedings was an appearance to the entire suit. R. C. 1880, § 2431 ; *Sawyer* v. *Smith,* 41 Miss. 556.

The plea purports on its face to be the plea of both, although sworn to and subscribed, or signed by one only. No objection was made to it for want of the signature of C. C. Bruckner, but it was filed, became a part of the proceedings in the cause, and was allowed to perform the functions of a plea for both, with the knowledge of all parties ; and it must be presumed, in these collateral proceedings, with the knowledge and approval of the court.

2. Section 1300, Code of 1880, has no bearing on the case. There must be some connection between the man conducting the business and the sign that is before the door before the statute will apply. Here, the sign is H. C. Buchanan & Co., and H. C. Buchanan takes no part or parcel in the conduct of the business. The business is transacted by C. C. Bruckner, openly and notoriously, suits brought in the courts in his name as partner, and known generally by the public to be a partner.

3. The questions involved in this suit are not "*res adjudicata.*" The circuit court in passing upon the motion for an application of the fund had no jurisdiction of the *equities* here set up.

They are cognizable alone in a court of equity, and the circumstance that other questions may have been there associated with them cannot have the effect of depriving this court of its rightful and exclusive jurisdiction. Geo. Digest, Res Adjudicata 658, § 1 ; *Agnew* v. *McElroy,* 10 S. & M. 555; *Mosby* v. *Wall,* 1 Cushman 82 ; *Coopwood* v. *Baldwyn,* 3 Cushman 131 ; *Freeman* v. *Stewart,* 41 Miss. 139 ; 1 Story's Equity, § 675 ; Story on Partnership (second edition), §§ 360, 361, p. 146, §§ 97, 326.

As to what were the reasons moving the law court to overrule the motion, is not a pertinent question to the plea of *res judicata.* For if the law court did not have jurisdiction of the equity here presented in this suit, then the merits of the present controversy could not have been passed upon by the law court.

4. While the property subject to Bonnie Bros.' attachment was

*" in custodia legis,"* it was converted from goods into money, which was authorized by statute. This transmutation from goods into money did not affect the liens and charges which existed against the goods, and so long as it remained in the hands of the officer, it was liable to respond to all such liens and charges which might be asserted by proper process or proceedings.

It was not necessary for our attachment writ to have been levied upon the goods in order to entitle us to this money. *Williams* v. *Gage,* 49 Miss. 780; *Irby* v. *Graham,* 46 Miss. 430.

Campbell, J., delivered the opinion of the court.

If it be true, as contended by counsel for Loeb & Bloom, that the judgment of John P. Morton & Co. is wholly void for want of service of summons on Bruckner, the lien of their attachment, which was levied on the goods, was not affected by the null judgment, and by virtue of that they have a standing in court to ask that their rights be preserved. But we think the judgment was not void, and is to be upheld as a valid one against the firm of H. C. Buchanan & Co., composed of Buchanan & Bruckner.

John P. Morton & Co. were creditors of the partnership composed of Buchanan & Bruckner, doing business at Aberdeen. Loeb & Bloom were not creditors of this partnership. Their debtor was H. C. Buchanan & Co., at Okolona, and there is nothing to show that they had any claim against the partnership existing between Buchanan & Bruckner, doing business at Aberdeen, or that Bruckner was in any manner their debtor. They did not sue him or make any claim against him.

Their contention is that the goods in the store at Aberdeen were to be taken as the property of H. C. Buchanan & Co., their debtor, because a sign bearing that name was over the door and conspicuously displayed about the house where the goods were kept for sale. The proof is that Bruckner was in charge of the store and transacted its business, and that Buchanan did not live in Aberdeen and was rarely about the store, but because he did business at Okolona under the name of H. C. Buchanan & Co., and that name was on the sign displayed at the place of business in

Aberdeen, it is said § 1300 of the code stamped that sign on the goods and branded them, and made them the goods indicated by this brand and to be treated and dealt with as the property of H. C. Buchanan & Co., to wit : H. C. Buchanan doing business under the name of H. C. Buchanan & Co.

Our view of § 1300 of the code is that it makes " all the property, stock, money, and choses in action used or acquired in such business " the property of him who transacts the business and liable for his debts, without regard to the sign under which the business may have been transacted. The statute does not make the sign the test of ownership, but has regard to who transacts business and deals with the property as apparent owner, and stamps it as his for the purpose of liability to his creditors. Signs may deceive and mislead, but there is little difficulty in determining who transacts business as to property, and, without regard to the sign, the question is, Who transacted business with the property ? He is to be taken as owner of all the property who transacted the business in which it was, unless by a proper sign the true ownership is indicated. The business must be done under the name of the true owner of the property, or else he who transacts the business is conclusively adjudged to be such owner because of his relation to it.

It is insisted that the judgment of the circuit court denying the motion there made by John P. Morton & Co. to appropriate the money made under the attachments to the satisfaction of their claim bars this suit. Undoubtedly it would if the circuit court had jurisdiction of the equitable claim made by John P. Morton & Co. to have partnership assets of their debtor applied to partnership debts, in preference to individual debts ; but the circuit court could not recognize and enforce such claim. It is peculiar to chancery, and has no recognition in courts of law. It is only in chancery courts that the equity of partners to insist that the firm assets shall be applied to firm debts in preference to the individual liabilities of the members of the partnership is maintained, and it must be assumed that it was on this ground that the circuit court denied the motion which in any other view should have been sustained.

The decree dissolving the injunction as to Bonnie Bro's is correct on two grounds : The attachment of Bonnie Bro's alone was levied on the portion of the goods from which the money in dispute between them and John P. Morton & Co was made, and they are entitled to the fruits of their process. Only the individual interest of H. C. Buchanan in the goods was sold under their attachment, and as his creditors they are entitled to the proceeds. And the levy of an execution on that money by a constable executing the process of the circuit court amounted to nothing, and the case stands as if no such levy had been made. The attachment of John P. Morton & Co. was not levied on the goods before sale, and their judgment was not a lien on the money in the hands of the constable, and their effort to obtain a lien on, or some claim to, the money in his hands, by having an execution from the circuit court placed in his hands and levied by him on the money did not accomplish it.

*Affirmed.*