## M. A. CANDLER *v.* KING CROMWELL ET AL.

### [57 South. 554.]

1. JUDGMENTS. *Chattel mortgages. Liens. Priority.*

A judgment lien takes effect on a growing crop only from the time it has an actual existence, the lien does not relate back to the rendition or enrollment of the judgment; but a lien of a mortgage on a growing crop relates back to the date of its creation and takes effect from the date of the execution of the mortgage, thereby taking precedence of a judgment.

2. MORTGAGES ON GROWING CROPS. *Amount secured.*

When a trust deed specifies that the mortgagee will furnish a specified sum, followed by the words "more or less," it does not fix any limitation on the lien which is created by the mortgage, in case the mortgagee, with the assent of the mortgagor, exceeded the amount actually named in the face of the mortgage and when the mortgagor and mortgagee have agreed, by the mortgagee furnishing and the mortgagor accepting the excess furnished, there is no field for speculation as to what was meant in the contract by the use of the words "more or less," because the parties to the contract have definitely settled it, and when no fraud is charged third parties have no right to complain.

3. SAME.

The courts construe doubtful contracts when the parties themselves cannot agree as to the true meaning; but when the parties agree, and the contract is made certain, there is no field for interference by the court.

4. RIGHTS OF JUDGMENT CREDITOR.

A judgment creditor succeeds to only such rights in the judgment debtor's property as the judgment debtor actually has, and is barred by all the equities which bar the judgment debtor, and can assert no demand that the judgment debtor is precluded from asserting.

5. CHATTEL MORTGAGES. *Definiteness. Future advances.*

A mortgage to secure future advances need not definitely specify the amount to be furnished; it is sufficient if it merely specify

101 Miss.—11

that it is given to secure such future advances as may be agreed upon.

6. SAME.

Such a mortgage is sufficient to put a purchaser or incumbrancer on inquiry, and if he fails to make it in the proper quarter, he cannot claim protection as a *bona fide* purchaser.

APPEAL from the circuit court of Alcorn county.

HON. J. H. MITCHELL, Judge.

Suit by M. A. Candler against King Cromwell et al. From a judgment for defendant, plaintiff appeals. The facts are fully stated in the opinion of the court.

*Bennet & Sweat* for appellant.

This trust deed does not show that it is given to secure future advances; but even though it did, it could be security for no more future advances than fifty dollars, the sum stated. "A trust deed to secure future advances is good to the extent of the amount specified when the advances are actually made." 28 A. and E. Ency. of Law (2 Ed.), page 754.

"When future advances are secured, parol evidence may be introduced to identify what advances were in fact intended by the parties, but when the amount of the future advances is specified and that amount was advanced, it has been held not competent to show by parol that the mortgage was intended also to secure a future indebtedness, so as to give a preference over junior incumbrances. 20 A. and E. Ency. of Law, (2 Ed.), page 929.

If this trust deed was given to secure future advances and the open and runing account was an account of advances made after the trust deed was given, the trust deed specifically limits it by stating that it was to be fifty dollars, more or less, the amount of advances which is to be secured.

"The consideration named does not limit the securities for which a mortgage may stand, if the intent to

secure future advances is apparent from the whole instrument; but any mortgage to secure future advances may specifically limit the amount for which it shall stand as security, as by providing that such advances shall not exceed a certain named sum, and in that case, the lien of the mortgage shall be limited as against subsequent incumbrances to the designated amount, although, as against the mortgagor, it may be good for the whole amount actually advanced.'' 27th Cyc., page 1072.

''A mortgage for a sum certain given in good faith as security for future advances is valid as against general credits of the mortgagor for advances not exceeding the sum specified in the mortgage; and also as against third persons acquiring interest in the mortgaged premises, conveyance, or judgment lien.''

If this contract is construed so as to include one hundred and thirty-seven dollars it certainly will be construed to exceed the amount specified for the amount is specified to be fifty dollars, or less.

''A mortgage given to secure an unliquidated demand, or debts of a specified kind, or contracted for a particular purpose, and containing a limitation as to the total amount for which it is to stand as security, must be strictly construed in this respect, and cannot be enlarged; and when the debt is described as being about a certain amount, no indebtedness, however fair and just, can be brought within its terms which is materially in excess of the sum mentioned.'' 27th Cyc., page 1060.

The debt described here is certainly described as being ''about fifty dollars, for more or less'' mean ''about.'' The above authority holds that no amount, however fair and just, which is materially in excess of that fifty dollars, can be brought within its terms. One hundred and thirty-seven dollars is very materially in excess of fifty dollars.

Our own court has never construed a trust deed just like this, but it has construed trust deeds very similar

to, it, and has stated what we conceive to be the law in this case. In *Hillard et al., v. Cagle,* 46 Miss. 341, the court said: "It is entirely legitimate to give a mortgage for a sum certain named in the deed, when that sum is intended to cover future advances. To the amount named, the security is valid as to third persons, but not beyon it."

In the case of *Wilczinski* v. *Everman* (54 Miss. 841, where the indebtedness stated in the mortgage was three hundred and fifty dollars and all other indebtedness which may be incurred, the court held that this was sufficient to cover all advances made and was a valid incumbrance, and said: "It is not necessary for a mortgage for future advances to specify any particular or definite sum which it is to secure. It is not necessary for it to be so completely certain as to preclude the necessity for all extraneous inquiry."

But in the case at bar, the sum of any advances was particularly and definitely stated, and sufficiently so as to preclude all extraneous inquiry. The appellant, Candler, had a right to rely on the sum specifically stated in the trust deed.

In the case of *Gray* v. *Helms,* 60 Miss. 131, the trust deed secured all future advances, but went on and stated that "this deed is made and intended to secure any advances on account of the crop of 1880, made after the maturity hereof, and not mentioned herein." The court said in construing that trust deed that this clause must limit the advances made after maturity to such as should be made on account of the crop of 1880, and that advances made in excess of that sum did not come within the security that it was impossible to give the latter clause any force or meaning, except to place this construction on it; that that clause was not inserted to enlarge the instrument, which needed no enlargement, but rather as a limitation for that which without it was too general and all embracing. We say, in regard to the case

at bar, that in order to give the fifty dollars mentioned in the trust deed any force or meaning, the construction must be that any sum materially in excess of that amount is not within the security.

*W. J. Lamb* for appellees.

The sole question presented in this case is a construction of a clause in the trust deed given by King Cromwell to C. Ayers which clause is as follows:

"The first party (meaning King Cromwell) is justly indebted to the third party (meaning C. Ayers) in the sum of one hundred and eighty-four and ninety-five one hundredths, more or less, dollars, as evidenced by note of even date herewith, for $134.95, due Dec. 15, 1910, an open and running account for $50.00 more or less, as shown on books of third party."

On this open account Cromwell became indebted to C. Ayers in the sum of one hundred and thirty-seven dollars. Now, the question, is: Does this trust deed cover the one hundred and thirty-seven dollars, or does it only cover a few dollars more than fifty dollars. There is no other question presented in this appeal except this one issue, to-wit: Does the trust deed cover the one hundred and thirty-seven dollars? Our contention is that it does cover it. The contention of the appellant is that it does not cover it. The appellant could have, with ordinary diligence, ascertained how much the defendant, Cromwell, owed Ayers because the trust deed expressly provides for an open and running account of fifty dollars, more or less, as shown on books of third party.

In the case of *Wilczinski* v. *Everman*, the court says: "A mortgage to secure future advances which on its face gives information as to the extent and purpose of the contract so that a purchaser or junior creditor may by an inspection of the record and by ordinary diligence or prudence, ascertain the extent of the encumbrance,

will prevail over the supervening claim of such purchaser or creditor as to all advances made by the mortgagee within the terms of such mortgage, whether made before or after the claim of such purchaser or creditor arose." *Wilczinski* v. *Everman,* 51 Miss. 846.

The trust deed was given not only to secure the note but to secure the future advances, and the case falls squarely within the doctrine announced in this case. The doctrine anounced in the above mentioned case was reiterated and announced by Justice Calhoun in the case of *Melton* v. *Williams Co.,* 83 Miss. 630, where he says:

"As in *Wilczinski* v. *Everman,* 51 Miss. 841, it gives on its face information as to the extent and purpose of the contract so that a purchaser or junior creditor may, by an inspection of the record, or by ordinary diligence and common prudence ascertain the extent of the encumbrance." *Melton* v. *Williams Co.,* 83 Miss. 630. There can be no question but that a trust deed given to secure future advances is valid and binding and when put of record is notice to the world that is sufficient to put junior creditors or purchasers on inquiry. In so far as a lien is concerned, the appellant in this case is a junior mortgagee or creditor and there is no contention on the part of the appellant that his lien is paramount to the lien of C. Ayers, his only contention being that the mortgage only covers the open account for a few dollars more than the fifty dollars because of the expression "more or less." If the mortgage is a valid mortgage when it is given for future advances and the recording of the same is notice to the world and sufficient to put interested parties on inquiry, as is held by the case cited above, we fail to see by what process of reasoning the appellant should claim the amount should only be fifty-two of the open account, which the trust deed was given to secure.

Whether the ultimate amount intended to be secured should be definitely stated on the face of the instrument

is a question upon which there is considerable diversity of opinion, but the weight of authority sustains the principle that in the absence of statutes providing otherwise a definite statement of amount is unnecessary and that all that can be required is that a mortgage designed to secure such future liabilities should describe the nature and amount of them with reasonable certainty, so that they may be ascertained by the exercise of ordinary dilegence on proper inquiry.'' 20 Am. & Eng. Ency. of Law, page 927.

As was said in the case of *McDaniels* v. *Calvin,* 42 Am. Dec. 512:

''A description of indebtedness covers future accruing amount where the wording of the condition is to pay him what I may owe him on book.''

It is even permissible under the law to offer parole testimony to identify a debt secured by a mortgage which is not sufficiently described.

''Where an existing debt or obligation is secured parole evidence is admissible even against strangers, to the mortgage to identify the debt or obligation intended to be secured.'' 20 Am. & Eng. of Law, page 928.

There is no trouble, or no question raised, about identifying this debt; there is no dispute about the amount but it is admitted that Ayers advanced the appellee, Cromwell one hundred and thirty-seven dollars and it is agreed that it was furnished him to make his crop for the year, 1910, the very year the trust deed was given.

MAYES, C. J., delivered the opinion of the court.

Briefly stating this case, it is about as follows: In 1908, M. A. Candler recovered a judgment against King Cromwell for seventy-two dollars and twenty-three cents in a justice of the peace court. In November of that year, the judgment was enrolled in the office of the circuit clerk of Alcorn county, in compliance with sec-

tion 2742 of the Code of 1906, and became a lien on all the property owned by King Cromwell, if he owned any. On March 28, 1910, King Cromwell executed a mortgage to one C. Ayers, with W. B. Wilson as trustee, on all live stock and on all crops of corn and cotton to be grown by Cromwell during the year 1910, in Alcorn county, on certain lands described in the mortgage. The controversy over the particular cotton involved in this case is conceded to have been grown during the year 1910 on the land described in the mortgage, and is covered by the mortgage, unless excepted therefrom for reasons to be subsequently stated. The consideration of the mortgage recites that it is given because Cromwell "is justly indebted to the third party [Ayers] in the sum of $184.95, more or less, as evidenced by note of even date for $134.95, and an open and running account for $50, more or less, as shown on the books of the third party, which indebtedness the first party desires and intends by this deed more effectually to secure and make certain payment thereof." The above quotation shows that the trust deed was given for the purpose of securing a note for one hundred and thirty-four dollars and ninety-five cents, and open and running account for fifty dollars, more or less, making in total the sum of one hundred and eighty-four dollars, and ninety-five cents, specified in the face of the trust deed. Under this trust deed it is argued that Ayers furnished Cromwell, not only the fifty dollars specified in the open and running account, but furnished eighty-seven dollars additional, making a total amount furnished of one hundred and thirty-seven dollars, instead of fifty dollars, which, when added to the note of one hundred and thirty-four dollars and ninety-five cents, makes a total indebtedness due Ayers for the year 1910 of about two hundred and seventy-one dollars. Cromwell raised about five and one-half bales of cotton, the value of which is conceded to be less than the amount owing Ayers. The conten-

tion of Candler is that his judgment lien is superior to
the claim of Ayers under the mortgage for all value of
the cotton in excess of one hundred and eighty-four dol-
lars and ninety-five cents, or about that sum. In other
words, Candler claims that the open account was to be
for fifty dollars, more or less, and that in the use of
this term the amount which Ayers had the right to fur-
nish Cromwell was limited to a sum approximating near-
ly the sum of fifty dollars; that is to say, about fifty-two
dollars or fifty-three dollars, or forty-seven dollars or
forty-eight dollars. Candler denies the right of Ayers
to assert his mortgage to the full amount furnished un-
der the trust deed, and claims that his judgment lien is
superior to the mortgage for the excess. Accordingly,
Candler had an execution issued under his judgment
and levied on the cotton, whereupon Wilson, trustee in
the trust deed, propounds a claim for same. Candler
offered to pay Ayers' claim to the extent that the trust
deed shows on its face the amount actually named there-
in; that is, Candler proposed to pay Ayers the note of
one hundred and ninety-four dollars and niney-five
cents, and the account of fifty dollars. On the trial in
the court below, the court held that Ayers could hold the
cotton for the actual amount furnished by him under
the trust deed to Cromwell, and awarded the value of
the property to the trustee, from which judgment Cand-
ler appeals.

In the cases of *Cayce* v. *Stovall,* 50 Miss. 402, and
*Cooper* v. *Turnage,* 52 Miss. 431, this court held that,
while a judgment lien takes effect on a growing crop
only from the time it has an actual existence, the lien
does not relate back to the rendition or enrollment of
the judgment but a lien or mortgage on a growing crop
relates back to the date of its creation, and takes effect
from the date of the execution of the mortgage, thereby
taking precedence of a judgment lien.

When a trust deed specifies that the mortgagee will
furnish a specified sum, followed by the words "more

or less," it does not fix any limitation on the lien which is created by the mortgagee, in case the mortgaee, with the assent of the mortgagor, exceeded the amount actually named in the face of the mortgage. The mortgage expressly says that the mortgagor and mortgagee agree that the mortgagee shall furnish to the mortgagor the sum of fifty dollars, "more or less." How much more or how much less may be the subject of agreement between them according to the terms of the mortgage, and when they have agreed, by the mortgagee furnishing and the mortgagor accepting the excess furnished, there is no field for speculation as to what was meant in the contract by the use of the words "more or less," because the parties to the contract have definitely settled it, and when no fraud is charged third parties have no right to complain. The courts construe doubtful contracts, when the parties themselves cannot agree as to the true meaning; but when the parties agree, and the contract is made certain, there is no field for inference by the court.

Let us see where the contention of counsel for appellant would lead us. A judgment creditor succeeds to only such rights in the judgment debtor's property as the judgment debtor actually has. The judgment creditor merely succeeds the judgment debtor; that is, takes his place and subjects the actual interest of the judgment debtor to his demand. The judgment creditor is barred by all the equities which bar the judgment debtor, and can assert no demand that the judgment debtor is precluded from asserting. *Harris* v. *Hazlehurst Oil Mill*, 78 Miss. 603, 30 So. 273; *Foute* v. *Fairman*, 48 Miss. 536; *Miss. Val. Co.* v. *Chicago, etc., R. R. Co.*, 58 Miss. 846. It needs no argument to show that Cromwell could not defeat the lien of this mortgage after accepting advances under it of more than fifty dollars, and for the same reason that he cannot do so his judgment creditor, who merely succeeds to his rights, is also precluded

from doing so.   The words "more or less" may have a different meaning when applied to different instruments, and depending upon the way in which the controversy arises.   If a person make a deed to another, containing by accurate description so many acres, "more or less," and a controversy should arise as to what was meant, the court might be called upon to construe what was meant.   If a person should contract to sell to another one thousand bales of cotton, "more or less," the court might again be called upon to construe what was meant by the use of the words, etc.; but in a mortgage which shows that the parties intended to furnish so much money, "more or less," and when, in fact, by the actual amount furnished under the contract, they make certain how much more shall be furnished, third parties cannot force the court to place any limitation on the meaning of the words different from that which the parties themselves have fixed.

A mortgage need not specify definitely the amount to be furnished.   This has been frequently held.   The mortgage might have merely specified that it was given to secure such future advances as might be agreed upon. In the case of *Wilczinski* v. *Everman,* 51 Miss. 841, this court has said: "A mortgage to secure future advances, which on its face gives information as to the extent and purpose of the contract, so that a purchaser or junior creditor may, by an inspection of the record, and by ordinary diligence and prudence, ascertain the extent of the incumbrance, will prevail over the supervening claim of such purchaser or creditor as to all advances made by the mortgagee within the terms of such mortgage, whether made before or after the claim of such purchaser or creditor arose.   It is not necessary for a mortgage for future advances to specify any particular or definite sum which it is to secure.   It is not necessary for it to be so completely certain as to preclude the necessity of all extraneous inquiry.   If it con-

tains enough to show a contract that it is to stand as a
security to the mortgagee for such indebtedness as may
arise from future dealings between the parties, it is
sufficient to put a purchaser or incumbrancer on in-
quiry, and, if he fails to make it in the proper quarter,
he cannot claim protection as a *bona fide* purchaser.
The law requires mortgages to be recorded for the pro-
tection of creditors and purchasers. When recorded,
a mortgage is notice of its contents. If it gives infor-
mation that it is to stand as security for all future in-
debtedness to accrue from the mortgagor to the mort-
gagee, a person examining the record is put upon in-
quiry as to the state of dealings between the parties and
the amount of indebtedness covered by the mortgage,
and is duly advised of the right of the mortgagee by the
terms of the mortgage to hold the mortgaged property
as security to him for such indebtedness as may accrue
to him. Thus informed, it is the folly of any one to buy
the mortgaged property, or take a mortgage on it, or
give credit on it; and, if he does so, his claim must be
subordinated to the paramount right of the senior mort-
gagee, who in thus securing himself by mortgage, and
filing it for record, as required by law, has advertised
the world of his paramount claim on the property cov-
ered by his mortgage, and is entitled to advance money
and extend credit according to the terms of his contract
thus made with the mortgagor, who cannot complain,
for such is his contract; and third persons afterwards
dealing with him cannot be heard to complain, for they
are affected with full notice by the record, of what has
been agreed on by the mortgagor and mortgagee.'' See,
also, *Melton* v. *Williams Co.,* 83 Miss. 624, 36 South. 152.

The Wilczinski case expressly holds that it is not
necessary for a mortgage to specify any particular or
definite sum which it is to secure. The meaning of the
mortgage, when it says an open account furnished un-
der it shall be fifty dollars, more or less, can become of

importance, in the absence of fraud, only to the parties themselves, when there is a controversy between them as to its meaning. In other words, if the mortgagor had failed to furnish the mortgagee, more than twenty-five dollars, and the mortgagee was suing him for a breach of this contract, the use of the words "$50, more or less," might become of importance; but it can never be brought into question by third parties, when the parties to the contract have themselves interpreted it by actually furnishing in a certain amount, and when there is no dispute between the parties as to this.

*Affirmed.*