NORRIS v. TRENHOLM.

(Circuit Court of Appeals, Fifth Circuit. December 26, 1913.)

No. 2,576.

1. BANKRUPTCY (§ 191*)—LIENS—PERSONAL PROPERTY—ADJUDICATION—DISPLACEMENT.

Code Miss. 1906, § 3079, provides that the vendor of personal property shall have a lien thereon for the purchase money while the subject of the sale remains in the hands of the first purchaser or of one deriving title or possession through him with notice that the purchase money is unpaid. *Held* that, where a suit was brought to enforce such lien within four months prior to the filing of a bankruptcy petition against the purchaser, such lien was one created by statute and not one obtained by judicial proceedings, and was not affected by Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), providing that liens given or accepted in good faith and not in contemplation of or in fraud of the act, and for a present consideration, to the extent of such consideration only shall not be displaced.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. § 191.*]

2. BANKRUPTCY (§ 191*)—SELLER'S LIEN—ENFORCEMENT IN BANKRUPTCY BY ASSIGNEE.

Since the seller's lien for the price conferred by Code Miss. 1906, § 3079, is but a security for the price, the benefit of which follows the debt and is

enforceable at least in equity by an assignee, it is enforceable by an assignee in bankruptcy proceedings against the debtor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. § 191.*]

Petition to Superintend and Revise Proceedings from the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

In the matter of bankruptcy proceedings of W. M. Phillips. A decree was entered displacing a lien on personal property claimed by petitioner, T. R. Norris, on objections of E. L. Trenholm, the bankrupt's trustee, and petitioner files a petition to superintend and revise. Petition granted, and decree reversed.

Marcellus Green and Garner W. Green, both of Jackson, Miss., for petitioner.

Robert H. Thompson and J. Harvey Thompson, both of Jackson, Miss., for respondent.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

SHELBY, Circuit Judge. Phillips, the bankrupt, was a druggist in business at Jackson, Miss. He purchased from the Columbus Showcase Company showcases for his drug store. The showcases, on his order, were by the showcase company manufactured for him and put up in his drug store. Phillips paid for them all except $485, for which balance he gave his note due July 15, 1910. The showcase company, for value, transferred the note to T. R. Norris, the petitioner herein. The Mississippi statute giving vendors of personal property a lien for the purchase money is as follows:

"Lien on Personal Property for Purchase Money.—The vendor of personal property shall have a lien thereon for the purchase money while it remains in the hands of the first purchaser, or of one deriving title or possession through him, with notice that the purchase money was unpaid." Code Miss. 1906, § 3079.

On August 9, 1910, Norris, as the assignee of the note, sued in the proper Mississippi state court to collect the note and enforce the lien on the showcases. A writ of seizure was issued by the court, and the showcases were seized by the sheriff. While the property was so in the possession of the sheriff under the procedure to enforce the lien, the petition in bankruptcy was filed in the court below on September 8, 1910, and Phillips was adjudicated a bankrupt, and E. N. Trenholm was appointed trustee of his estate. Under an agreement of the parties in interest, the trustee sold the drug store and fixtures; the agreement providing that $485 of the purchase money would be held by the trustee subject to the settlement of the question as to whether or not Morris was entitled to a lien on the showcases for the balance due on them. The referee held that the proceedings in bankruptcy nullified whatever lien Norris may have had. Pronouncing such judgment, he said:

"I am of the opinion that section 67 of the Bankruptcy Act nullifies the proceedings, and that whatever lien Norris may have had by the institution of said condemnation suit was avoided by the bankruptcy petition and adjudication. The fact that a judgment was formally taken against the bankrupt after adjudication does not affect the situation; as the judgment, if taken before the bankruptcy, and within the four months' period, during insolvency, would have fixed no lien that an adjudication would not have nullified; and certainly the taking of the judgment after adjudication did not strengthen the situation."

This order was approved by the District Court, and Norris, the assignee of the note given for the purchase money of the showcases, brings the case to this court on petition to· superintend and revise.

[1] The order holding the lien to be avoided by the bankruptcy proceedings was made upon the theory that Norris was asserting a lien created by his suit in the state court. If such had been 'the case, the bankruptcy proceedings would have annulled the lien, the suit having been brought and the property seized in the state court within four months of the filing of the petition in bankruptcy. Bankruptcy Act, § 67c. But the suit in the state court was not one to establish a lien, but to enforce a lien already existing, created· by the state statute— a lien which existed from the time of the sale of the showcases to Phillips. The bankruptcy act, after providing for the dissolution of liens created by suits at law or in equity within four months of the filing of the petition, refers to another class of liens that are not affected by the act. Section 67d is as follows:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary to impart notice, shall, to the extent of such present consideration only, not be affected by this act." Bankruptcy Act, § 67d.

It was not a claim necessary to be recorded, and no attack is made on it for fraud, so it is difficult to find any reason for saying that it is not a lien which is included in the class of liens "not to be affected by this act." Liens coming within section 67d are not dissolved by the proceedings in bankruptcy. It has been so decided by this court as to a landlord's lien created by statute, Martin v. Orgain, 174 Fed. 772, 778, 98 C. C. A. 246; and as to a contractor's or builder's lien for material furnished, the lien being given by statute. In re Georgia Handle Co., 109 Fed. 632, 48 C. C. A. 571. A lien for wages, created by statute, is not dissolved by the bankruptcy of the employer. In re Kerby-Dennis Co., 95 Fed. 116, 36 C. C. A. 677. And there are many cases cited in the text-books showing that liens like the one here considered—liens created by statute—are preserved by the act. Collier on Bankruptcy (8th Ed.) 769, 770; 1 Remington on Bankruptcy, §§ 1115–1160.

[2] But it is contended that the vendor's lien created by the Mississippi statute cannot be enforced in favor of Norris, the assignee, holding the claim; that such lien is not assignable.

By statute in Mississippi, the assignee of any chose in action may sue thereon in his own name. Code Miss. 1906, § 717. The vendor's lien established by section 3079, supra, being an express lien, and

contractual in the sense that it arises from the contract of sale, we can see no reason why it does not pass by the assignment of the obligation given for the purchase money. It is only a security for the payment of the price, and the benefit conferred by it should follow the debt when it is assigned. Foundry Co. v. Pascagoula Ice Co., 72 Miss. 608, 615, 18 South. 364; Powell v. Smith, 74 Miss. 142, 151, 20 South. 872. But if this were not true in a court of law, it would be so in a court of equity (2 Story's Eq. Jur. §§ 1227–1231; Westmoreland & Trousdale v. Foster, 60 Ala. 448, 455), and "a court of bankruptcy is a court of equity" (In re Moller, 8 Ben. 526, 17 Fed. Cas. No. 9699; In re Kane, 127 Fed. 552, 553, 62 C. C. A. 616).

We are of the opinon that the District Court erred in holding that the proceedings in bankruptcy nullified the lien held by petitioner.

The petition to revise is granted, and the decree is

Reversed