P. E. PAYNE HARDWARE CO. *v.* INTERNATIONAL HARVESTER CO., BARNES INTERVENER.

[70 South. 892.]

1. RECEIVERS. *Property affected. Time of appointment. Assets. Claim of third persons.*

The right of a receiver became fixed at the date of his appointment, and his title accrues at that time, and liens and priorities of creditors, properly acquired before the appointment of the receivers, will not be disturbed by the receiver.

2. SAME.

The receiver represents the creditors as well as the stockholders, and holds the property for the benefit of both, he is trustee for both, and as trustee for the creditors can maintain and defend actions which the corporation could not.

3. RECEIVERS. *Assets. Claims of third persons.*

Under Code 1906, section 4784, providing that if a person transacts business in a company name, and fails to disclose the name of his partner by a conspicuous sign at the house where the business is transacted, the property used or acquired in the business shall,

as to the creditors of such person, be liable to his debts. Where the goods of a harvester company were placed in the storehouse of a hardware company which acted as its agent, behind the sign of the hardware company, the business being conducted by the hardware company and the goods apparently formed a part of the regular stock of merchandise, there being no sign of the harvester company except an advertisement of the hardware company that it carried the products of the harvester company as part of its stock in trade. In such case the property belongs to the hardware company as to creditors, and a receiver of the hardware company is entitled to possession thereof, not withstanding that previous to the appointment of the receiver the harvester company had instituted an action for the property and had given bond and taken possession of the same.

APPEAL from the circuit court of Pike county.

HON. D. M. MILLER, Judge.

Suit by the International Harvester Company against the P. E. Payne Hardware Company in which Joe Barnes as receiver of the hardware company intervened, from a judgment for plaintiff, defendant and intervenor appeal.

The facts are fully stated in the opinion of the court.

*Mixon & Cassidy,* for appellant.

*J. S. Sexton* and *V. M. Roby,* for appellee.

COOK, P. J.,   delivered the opinion of the court.

The Payne Hardware Company was engaged in the mercantile business in the town of Tylertown, and P. E. Payne was the manager of the business. This company handled, as local agent of the International Harvester Company, gasoline engines and a line of agricultural implements. In December, 1912, P. E. Payne, the president and active manager of the business, abandoned the business and left for parts unknown. On, December 21, 1912, the Harvester Company sued out a writ of replevin, and it was levied on the engines, machinery, and implements in the custody of the Hardware Company. The Hardware Company failing to give

bond, the Harvester Company executed a bond, took possession of the property, and removed same from the place of business of the Hardware Company. Some weeks after the seizing of the goods under the writ of replevin, the chancery court, upon the petition of the general creditors of the insolvent Hardware Company, appointed a receiver for the insolvent Hardware Company. The receiver, by leave of the chancery court, intervened in the replevin suit, and propounded a claim to the property levied on as a part of the assets of the insolvent corporation of which he was receiver. The issue thus made was fought out before the court, and resulted in a judgment for the Harvester Company; hence this appeal.

The receiver contends that the property in issue was "used or acquired" in the business of the Hardware Company, "and as to the creditors of any such business" the property should be treated as the property of the Hardware Company and liable to be taken for its debts. In other words, the receiver claimed the property as assets of the Hardware Company, and that he was entitled to the posessession of same for the benefit of the creditors. This again brings into play our "sign statute," which is section 4784, Revised Code 1906, and is in the following words:

"If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

The Harvester Company contended below, and contends here, that the receiver could not propound this claim, and, if he could, the statute does not apply to the facts of this case. To make clear the position of the Harvester Company, we quote from the brief of its counsel as follows:

"There can be no controversy as to the time when the right, authority, and possession of a receiver vests. The authorities are uniform on this subject, and it would be but burdening this brief to quote numerous citations supporting the well-known rule that the powers and rights of a receiver are fixed as at the date of his appointment. But we respectfully make reference to the language of a few decisions here mentioned, which, without question, disposes of the contention of counsel for the receiver that the latter is entitled to the possession of the property sought to be recovered by him in this action, which was not in the custody, use, or control of the Payne Hardware Company at the time of the appointment of the receiver, but, on the contrary, had by due process of law been reclaimed by its owners three weeks before the petition seeking the appointment of a receiver was ever filed.

"34 Cyc. 199, par. 4: 'The receiver's rights become fixed at the date of his appointment; his title accrues at that time, and thenceforward at the furthest the property is *in custodia legis;* so that other creditors up to that time may pursue their legal remedies and acquire liens and priorities, the order of an appointment not relating back to the commencement of the suit as against third parties.' "

It is very true that the rights of a receiver become fixed at the date of his appointment, and his title accrues at that time, and liens and priorities of creditors, properly acquired before the appointment of the receiver, will not be disturbed by the receiver. It will be noted, however, in the present case, that the Harvester Company does not come into court, and did not replevy the

goods, as a creditor of the insolvent Hardware Company. It claimed, and claims, the goods as the owner of same. There is no question here of prior liens. The Harvester Company does not claim to be a prior lienor, or a preferred creditor; but, to the contrary, it claims to be the owner of the goods in controversy, and upon this claim it must stand or fall. So, taking out of this case, as we must, all questions of a contest between creditors, we find the case simply this and nothing more: The receiver claims the property because he says it was acquired in the business of the corporation, formed a part of its stock in trade, and in the absence of a sign showing that the goods in question were not the property of the Hardware Company it will be treated as the property of the Hardware Company in favor of its creditors; that he, as receiver, appointed by the chancery court, not only represents the corporation, but its creditors as well, and that by his appointment as receiver he was vested with powers to take into his possession all of the assets of the corporation, and was expressly authorized by the court to intervene in this suit, for the purpose of contesting with the plaintiff in replevin the ownership of the property. If, as to creditors, this property belonged to the mercantile corporation doing business in Tylertown, by virtue of our statute (section 4784, Code 1906), he, the receiver, is entitled to the possession of same. This position of the receiver seems to be sound in law, as well as in fact.

The facts are, without dispute, that the goods in question were placed in the storehouses of the Hardware Company, behind the sign of the Hardware Company— the business was conducted by the Hardware Company— and the goods here involved apparently formed a part of the regular stock of merchandise. The sign which it is alleged disclosed the ownership of the Harvester Company was, at best, merely an advertisement of the Hardware Company, that it carried the products of the Harvester Company as a part of its stock in trade.

In other words, the sign of the Harvester Company was merely an advertisement of the Hardware Company, and did not in any way disclose the private agreement between the Hardware Company and Harvester Company that, as to the parties to the contract, the goods would remain the property of the Harvester Company. As to the law of the case, we quote as follows:

"The receiver represents the creditors, as well as the stockholders, and holds the property for the benefit of both. He is the tustee for both, and, as trustee for the creditors, can maintain and defend actions which the corporation could not. *Franklin National Bank* v. *Whitehead*, 149 Ind. 560, 49 N. E. 592, 39 L. R. A. 725, 63 Am. St. Rep. 302. The receivers, representing both the creditors and the defendant, have the right to assert any defense to which the creditors, in contradistinction to the defendant, are entitled. *Hamor* v. *Taylor-Rice Engineering Co.* (C. C.), 84 Fed. 393. But so far as his powers are derived from a statute, or from a lawful decree of court, and the powers do not involve rights which, at the time of his appointment, were vested in such owners, he is not merely their representative, but is the intsrument of the law and the agent of the court which appointed him. Such right and authority as the law and the court rightfully give him he possesses, and in respect to such right he is not circumscribed and limited by the right which was vested in and available to the owners."

Among the numerous decisions of this court construing section 4784 of the Code of 1906, we have not been able to find any case precisely in piont; but we are convinced that this case comes within the control of said section of our Code, and that the property in question, in so far as the creditors of the Hardware Company are concerned, will be conclusively held to be the property of the Hardware Company. It follows that in our opinion the court below erred, and the case is therefore reversed and remanded.

*Reversed and remanded.*