DURANT MOTOR CO. *v.* SIMPSON.

(Division A. April 13, 1931.)

[133 So. 672. No. 29352.]

314

Butler & Snow, of Jackson, for appellant.

**W. H. Cox,** of Jackson, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is a proceeding by a landlord against a tenant for rent in arrears in which the property distrained is claimed by a third person.

The Galbreath-Barnes Motor Company is, or was when this case was begun, engaged in selling and repairing automobiles, and occupied a building in the city of Jack-

son, leased by it from the appellee. It was the local distributee for automobiles manufactured by the appellant. Four automobiles were shipped to it by the appellant on draft for the price thereof with the bill of lading thereto attached. When this draft was presented by the bank to which it had been forwarded by the appellant, the Galbreath-Barnes Motor Company was unable to pay it, and the automobiles remained for some time in the possession of a railroad company in the car in which they had been shipped. Kurt, an agent of the appellant having full authority so to do, authorized the release of the automobiles by the railroad company to Galbreath-Barnes Motor Company, which thereupon unloaded them, delivering two of them to Kurt and placing the other two in the building in which its business was being conducted. One of these two automobiles, which only will be hereinafter referred to, was serviced, that is the fenders and bumpers thereof and an extra tire were placed thereon, which articles were shipped with, but not attached to, the automobile.

Without reviewing the evidence it will be sufficient to say that it is clear therefrom that the automobile was turned over by Kurt to Galbreath-Barnes Motor Company, with a verbal reservation of title thereto in the appellant, to be by Galbreath-Barnes Motor Company sold, which would then, but not until then, pay the appellant therefor. The Galbreath-Barnes Motor Company attempted but failed to effect a sale of the automobile, and in about a week or ten days after it received the automobile it was removed from its place of business by Kurt and stored in a warehouse for and as the property of the appellant. The Galbreath-Barnes Motor Company was in arrears on rent due by it to the appellee on the building in which its business was conducted, to collect which this proceeding was begun, and the automobile was seized under a writ of attachment about forty-eight hours after it had been stored by Kurt as hereinbefore set forth.

The amount of rent due and the value of the automobile were agreed on by counsel who further agreed "that the Galbreath-Barnes Motor Company has a sign bearing the name of 'Only Galbreath-Barnes Motor Company' conspicuously displayed at its place of business in the city of Jackson; . . . (and) that E. H. Simpson had no actual notice or knowledge as to any limited ownership the Galbreath-Barnes Motor Company might have had in the said attached car."

At the close of the evidence the court below directed the jury to return a verdict for the appellee, the landlord, and there was a judgment accordingly.

The appellant's contentions are that the case is not within the provisions of section 3352, Code of 1930, for two reasons: First, 'it does not appear that the automobile was acquired or used by Galbreath-Barnes Motor Company in its business; and, second, if so acquired or used, it ceased to be within the provisions of the statute when it was removed from Galbreath-Barnes Motor Company's place of business and stored by the appellant's agent in another place.

The first of these contentions is disposed of by the statement hereinbefore made of the circumstances under which the automobile was delivered by Kurt to Galbreath-Barnes Motor Company.

Under section 3352, Code of 1930, this automobile must "be in all respects treated in favor of . . . creditors" of Galbreath-Barnes Motor Company as its property.

Under section 2200, Code of 1930, the property of a tenant removed from the leased premises, who is in arrears for rent thereon, remains subject to the landlord's lien for the unpaid rent for thirty days after the removal, unless it is "sold in good faith for a valuable consideration before seizure made." This automobile was not sold to anyone, but was taken possession of by the real owner thereof as such. When the appellant delivered

the automobile to Galbreath-Barnes Motor Company to be paid for by it or returned, it subjected it, as to the creditors of the Galbreath-Barnes Motor Company, to treatment in all respects as the property of that company. Consequently section 2200 applies here to the full extent that it would had the automobile been the absolute property of Galbreath-Barnes Motor Company. Payne Hardware Company v. International Harvester Company, 110 Miss. 783, 70 So. 892.

Affirmed.