LOUISIANA OIL CORPORATION *v.* ROBBINS.

(Division A. Feb. 26, 1934.)

[152 So. 846. No. 31095.]

Chas. Lee Crum, of New Albany, for appellant.

B. N. Knox, of New Albany, for appellee.

McGowen, **J.**, delivered the opinion of the court.

By virtue of a judgment in favor of the appellant, Louisiana Oil Corporation, against I. L. Bratton, an execution issued, and the sheriff levied on gasoline and oil found in the possession of Bratton. Robbins made claims to the property, issue was made up and tried in the circuit court, whereupon a peremptory instruction in favor of the claimant, Robbins, was granted; and the appellant, Louisiana Oil Corporation, prosecutes an appeal from the judgment resulting.

Prior to January 1, 1933, Bratton operated a filling station, which was owned and rented to him by the claimant, Robbins, selling thereat motor oil, tires (on commission); and coca cola. On January 1, 1933, Bratton being unable to pay the rent, Robbins agreed to furnish Bratton gasoline and motor oil to sell, Bratton to collect

for the oil and gas and retain a fixed commission for selling the same, and to pay Robbins therefor after the sale. The sign under which all the trading was conducted was "City Service Station;" and Bratton continued to sell tires, gas, motor oil, and coca cola as before. Robbins paid the privilege tax license for the sale of gasoline and motor oil—in other words, according to the evidence of both of them they had property in the business, although the business was actually conducted by Bratton before and after 1933. The execution was levied in May of that year.

Under this state of facts, as far as the creditors of Bratton are affected, the property acquired in that business by Bratton as a trader before and subsequent to January 1, 1933, was liable for the payment of his debts, and, as to his creditors, could be treated as his property. In that situation, Robbins could have protected himself by placing a sign at the place of business with his own name thereon, thereby disclosing his ownership in the property there found. Section 3352, Code 1930.

The decision of this case is controlled by Loeb & Bloom v. Morton & Co., 63 Miss. 280, and Paine v. Hall Safe & Lock Co., 64 Miss. 175, 1 So. 56. We quote from the former case the following: "Our view of section 1300 of the code is that it makes 'all the property, stock, money, and choses in action used or acquired in such business' the property of him who transacts the business and liable for his debts, without regard to the sign under which the business may have been transacted. The statute does not make the sign the test of ownership, but has regard to who transacts business and deals with the property as apparent owner, and stamps it as his for the purpose of liability to his creditors. Signs may deceive and mislead, but there is little difficulty in determining who transacts business as to property, and, without regard to the sign, the question is, Who transacted business

with the property? He is to be taken as owner of all the property who transacted the business in which it was, unless by a proper sign the true ownership is indicated. The business must be done under the name of the true owner of the property, or else he who transacts the business is conclusively adjudged to be such owner because of his relation to it.''

The case of Adams v. Berg, 67 Miss. 234, 7 So. 225, is not in conflict herewith. The case of Payne Hardware Co. v. International Harvester Co., 110 Miss. 783, 70 So. 892, is likewise in point. The payment of a privilege tax by either of the parties does not affect the interpretation of the statute. Exceptions will not be ingrafted on the statute. Gumbel v. Koon, 59 Miss. 264.

The appellant was entitled to the peremptory instruction requested by it, and judgment accordingly will be entered here.

Reversed, and judgment for appellant.