### COMMERCIAL CREDIT CO., Inc., v. DAVIDSON.

#### In re CHANCELLOR.
#### No. 9429.

Circuit Court of Appeals, Fifth Circuit.

May 22, 1940.

E. L. Trenholm, of Jackson, Miss., for appellant.

Thomas Y. Minniece, of Meridian, Miss., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The question in this case is: In what way, if any, is the Mississippi purchase-money lien affected by the bankruptcy act? This is a federal question, but it is one which in this case depends partly upon property rights given by state statutes in the construction of which we follow state decisions.

We are controlled by federal law in determining what liens are preserved in bankruptcy; what character of title to the debtor's property is vested in the trustee in bankruptcy; and, as to such property, what rights, remedies, and powers are deemed vested in the trustee. We look to state law to ascertain what property the debtor owned immediately preceding the time of bankruptcy; what liens thereon, if any, then existed; the character thereof; and the order of priority among the respective creditors holding such liens. More specifically in this case, we determine under state law whether the purchase-money lien creditor would have had priority over a creditor then holding a lien thereon by legal or equitable proceedings.

The facts are undisputed: In April, 1938, the bankrupt purchased in Mississippi an automobile truck, executing in favor of the vendor an installment note for part of the purchase price, payable in monthly installments, and a conditional sales contract, which was not recorded, in which the title to said truck was retained in the vendor until the note should be fully paid. Before the first installment was due, the note and contract were assigned for value to appellant, which held the same at the time of bankruptcy (November 19, 1938), when there was a balance due thereon of $360, which includes interest and other charges, some of which may be distinct from the purchase price. The bankrupt operated a grocery store and traded in cattle under his own name, using the truck mainly in the latter business. The truck was turned over to the trustee in bankruptcy, who sold it and holds the proceeds in lieu thereof.

Appellant filed its claim in bankruptcy, asserting a statutory purchase-money lien on said truck, and praying that the proceeds of the sale thereof be applied to the balance due it on the purchase price. It is contended that the Mississippi sign statute defeats the claim of appellant; that, if the sign statute is inapplicable, the lien of the trustee is superior to the lien of appellant; and that, if the lien of the trustee is not superior to the lien of the vendor where notice is given to the trustee, the notice in this case is insufficient.

This is not a claim for reclamation of the property. Although the seller and its assignee took and retained until the time of bankruptcy a conditional sales contract, the appellant in this proceeding does not stand upon this contract, but concedes that the debtor was a trader using the truck in its business, that the contract was not recorded, and that the sign statute cuts off a secret claim of ownership of this char-

acter.[1] The appellant here claims a lien for the purchase money solely under the Mississippi statute, and it is not prevented from so doing, since the highest court of that state, in Superior Laundry & Cleaners v. American Laundry Mach. Co., 170 Miss. 450, 155 So. 186, decided that the holder of a purchase-money lien and a title-retention contract may elect between a suit to enforce the lien and an action to replevy the property. It also held that the sign statute did not cut off the purchase-money lien.[2]

We come then to the question first stated, whether or not the purchase-money lien is affected by the bankruptcy act. So far as this is a federal question, it cannot rest upon any such shifting basis as whether the trustee had notice of the lien. The rights of the trustee were fixed by federal statutes as of a date prior to his appointment, and before any one could know with certainty who would be appointed. The title of the bankrupt to the truck was vested in the trustee by operation of federal law. He is not such a purchaser[3] as is referred to in the state statute giving a lien for purchase money. The common use and acceptation of the term is against such construction, and the state is without power to legislate effectively so as to include trustees in bankruptcy as purchasers with or without notice of an existing lien. Valid liens may be created by state legislation, but the state may not limit the duration of such liens by the time of bankruptcy, or extend their duration beyond that time, upon the theory of notice to the trustee, or upon any conceivable theory. This is true, in addition to the reasons stated, because the federal act preserves in bankruptcy statutory liens of this class, and the effect of an adjudication in bankruptcy upon liens existing at the time of bankruptcy is a federal question.[4]

Without reference to any special lien or class of liens, the general rule is that a trustee in bankruptcy is not an innocent purchaser, but takes the property of the bankrupt subject to all valid liens, claims, and equities existing against it in the hands of the bankrupt at the time the petition is filed, except in cases where there has been a conveyance or incumbrance of the property which is void as against the trustee by some positive provision of the act, and except as affected by section 70, sub. c of the Chandler Act.[5] The amendment of 1910, as rewritten in said section 70, sub. c, provides that the trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists; and, as to all other property, the trustee shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a judgment creditor then holding an execution duly returned unsatisfied, whether or not such a creditor actually exists.

The Mississippi statute gives the vendor of personal property a lien thereon for the purchase money while it remains in the hands of the first purchaser or of one deriving title or possession through him with notice that the purchase money was un-

---

[1] Gillaspy v. Harvester Co., 109 Miss. 136, 67 So. 904; Payne Hardware Co. v. Harvester Co., 110 Miss. 783, 70 So. 892; Durant Motor Co. v. Simpson, 160 Miss. 313, 133 So. 672; Louisiana Oil Corp. v. Robbins, 169 Miss. 39, 152 So. 846.

[2] Campbell Paint & Varnish Co. v. Hall, Trustee, 131 Miss. 671, 95 So. 641.

[3] In re Goodwin Gas Stove, 166 Pa. 296, 31 A. 91; Kinne v. Kinne, 45 How. Prac. 61; Hall v. Hall, 81 N.Y. 130; Stamm v. Bostwick, 40 Hun 35, affirmed in 122 N.Y. 48, 25 N.E. 233, 9 L.R.A. 597; 32 Cyc. 1267 et seq.; 2 Blackstone 241, 285, 485.

[4] 11 U.S.C.A. § 107, sub. b.

[5] 11 U.S.C.A. § 110, sub. c; Collier on Bankruptcy, 13th Ed. Vol. 2, p. 1643; Thompson v. Fairbanks, 196 U.S. 516, 25 S.Ct. 306, 49 L.Ed. 577, 13 A.B.R. 437, 445; First National Bank v. Staake, 202 U.S. 141, 149, 26 S.Ct. 580, 50 L.Ed. 967, 15 A.B.R. 639; Zartman v. First National Bank, 216 U.S. 134, 30 S.Ct. 368, 54 L.Ed. 418, 23 A.B.R. 635; In re Georgia Handle Co., 5 Cir., 109 F. 632, 48 C.C.A. 571, 6 A.B.R. 472; Martin v. Orgain, 5 Cir., 174 F. 772, 98 C.C.A. 246, 23 A.B.R. 454; Norris v. Trenholm, 5 Cir., 209 F. 827, 126 C.C.A. 551, 31 A.B.R. 353; Pugh v. Loisel, 5 Cir., 219 F. 417, 33 A.B.R. 580; Border National Bank v. Coupland, 5 Cir., 240 F. 355, 39 A.B.R. 165; Lontos v. Coppard, 5 Cir., 246 F. 803, 40 A.B.R. 575; Merchants' & Mechanics' Bank v. Sewell, 5 Cir., 61 F.2d 814.

paid.[6] The decisive point on this appeal is whether such prior purchase-money lien on personal property is superior in right to the lien of a subsequently enrolled judgment (which seems to be the most favored lien created by legal proceedings) where the property remains in the hands of the debtor. Since the trustee can prevail here only upon his rights as a lien creditor under local law, and since the appellant relies solely upon a local statute creating a lien for purchase money, it is apparent that our decision is controlled by the law of Mississippi. Let us see what are the rights of a judgment creditor in that state.

The judgment creditor succeeds only to such rights in the judgment debtor's property as the judgment debtor had. He takes the place of the judgment debtor and is barred by all the equities which bar the judgment debtor. He can assert no demand that the judgment debtor is precluded from asserting.[7] The lien of a duly enrolled judgment binds the property of the debtor in the hands of a subsequent vendee or more remote purchaser from the debtor. It becomes a lien on after-acquired property from the date of its acquisition.[8]

Two later Mississippi decisions are cited,[9] but if we look to what the court did in those cases, rather than to what it said, we shall find that, in the first, the purchase-money creditor prevailed outright in a suit against the trustee in bankruptcy; that, in the second, the court awarded the custody of the fund to the trustee, and remitted the purchase-money creditor to the bankruptcy court to assert its rights as a creditor therein, leaving the determination of its rights to the bankruptcy court. In both cases, the court was dealing with federal questions as well as questions involving the construction of state statutes, and we are unable to determine to what extent its ruling in either case was affected by its view of the federal questions, as to which we are not bound, rather than by its construction of state statutes, as to which we are bound so absolutely that it is necessary to conform our decision to any ruling the state court may make which is not violative of the federal constitution.[10]

In the Pearson case, supra [146 Miss. 225, 110 So. 710], the court seemed to be of the opinion that "a contract lien secured from the purchaser of the goods within four months preceding the bankruptcy" should be set aside under the bankruptcy act (which is a federal question), and the creditor required to "take its place in line with the other creditors of the bankrupt." The lien relied on here is not contractual, nor is it one created by legal proceedings; it arose solely by virtue of the Mississippi statute.

The decision to restore custody of the property to the trustee in bankruptcy turned upon whether or not the trustee took title to the property with notice that the purchase money was unpaid. This also was a federal question, because the title of the trustee to the property of the bankrupt vests by virtue of the federal statute, and, prior to the amendment of 1910, the trustee was vested with no better right or title than belonged to the bankrupt at the time the petition in bankruptcy was filed.[11]

The final and vital question presented on this appeal was not decided in the Pearson case. The court referred to an enrolled judgment creditor as "a lien-holder who prevails over creditors who have not secured judgment," and indicated that the lien of an enrolled judgment is stronger and more far-reaching than that of an execu-

---

[6] Sec. 2239, Miss.Code 1930. In Norris v. Trenholm, supra, referring to this lien, the court said, 209 F. at p. 830: "It is only a security for the payment of the price, and the benefit conferred by it should follow the debt when it is assigned. Foundry Co. v. Pascagoula Ice Co., 72 Miss. 608, 615, 18 So. 364; Powell v. Smith, 74 Miss. 142, 151, 20 So. 872."

[7] Walton v. Hargroves, 42 Miss. 18, 97 Am.Dec. 429; Foute v. Fairman, 48 Miss. 536; Mississippi Val. v. Chicago, etc., R. Co., 58 Miss. 846; Harris v. Hazlehurst Oil Mill, 78 Miss. 603, 30 So. 273; Candler v. Cromwell, 101 Miss. 161, 170, 57 So. 554.

[8] Jenkins v. Gowen. 37 Miss. 444, ex-

plaining Moody v. Harper, 25 Miss. 484; Mitchell v. Wood, 47 Miss. 231.

[9] Campbell Paint & Varnish Co. v. Hall, 131 Miss. 671, 95 So. 641; Pearson v. Wm. R. Moore Dry Goods Co., 146 Miss. 225, 110 So. 709.

[10] Green v. Neal, 6 Pet. 291, 31 U.S. 291, 8 L.Ed. 402; Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316; Edward Hines Yellow Pine Trustees v. Martin, 268 U.S. 458, 45 S.Ct. 543, 69 L.Ed. 1050; Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

[11] York Mfg. Co. v. Cassell, 201 U.S. 344, 352, 26 S.Ct. 481, 484, 50 L.Ed. 782; Southern Dairies v. Banks, 4 Cir., 92 F.2d 282.

tion judgment, or of one who has obtained a lien by execution; but nowhere in the Pearson opinion did the court consider the relative rights, under state law, of a creditor having a lien for purchase money and a creditor holding a lien by legal or equitable proceedings. The court contented itself by awarding the custody of the property to the trustee in bankruptcy and remitting the purchase-money creditor, who was the plaintiff in that case, to the bankruptcy court to assert its rights as a creditor therein.

In Norris v. Trenholm,[12] this court had before it the identical statute now under review, and upheld the validity of the purchase-money lien in bankruptcy. It was decided after the amendment of 1910. The decision was questioned in one case and approved in another by the Supreme Court of Mississippi. In commenting on it in the first case,[13] the court said it was inconceivable, if the sign statute had been invoked in that case, that this court would have decided it without making any reference to the statute. It is now conceded that the sign statute has no application to creditors of a common debtor asserting a statutory lien which is not required to be recorded. This principle was recognized in the second case,[14] decided eight years later, wherein the first question was whether the seller of personal property to a merchant for the purpose of resale waived his lien for the purchase money. In holding that the statute was not subject to such a narrow construction, the court said this was the view taken in the case of Norris v. Trenholm, supra, "the opinion in which case is well reasoned, and in our judgment sound." [131 Miss. 671, 95 So. 643.] No such question was raised, or could have been decided, in Norris v. Trenholm, because the property involved (being show cases for a drug store) was not sold or held for resale by the merchant, not being a part of the stock of goods, but being fixtures. Nevertheless, the decision in Norris v. Trenholm is sound upon the federal questions therein decided; and, upon the Mississippi purchase-money statute, it is in harmony with the decisions of that state.

■ Our conclusion in the instant case is that the trustee merely stands in the shoes of the bankrupt, and can assert no better title to the truck than the bankrupt had. The purchase-money creditor, being first in time, is first in right; and the trustee in bankruptcy cannot defeat its claim by asserting rights of a creditor holding, under state law, a lien by legal or equitable proceedings. We decide nothing with reference to paragraph c of Section 67 of the Bankruptcy Act of 1938,[15] since no question with respect to costs of administration or wages having priority over liens such as the lien here involved was raised or decided below, and since there is nothing in the record or in the agreed statement of facts before us to present to the court an issue under said paragraph.

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

---

[12] 5 Cir., 209 F. 827, 126 C.C.A. 551, 31 A.B.R. 353.

[13] Gillaspy v. Harvester Co., 109 Miss. 136, 67 So. 904.

[14] Campbell Paint & Varnish Co. v. Hall, 131 Miss. 671, 95 So. 641.

[15] 52 Stat. 877, 11 U.S.C.A. § 107, sub. c.