## BROADWAY NAT. BANK OF TAMPA v. COOPER.

### No. 9419.

Circuit Court of Appeals, Fifth Circuit.

June 17, 1940.

W. H. Jackson, T. Paine Kelly, Jr., and Melville Gunby Gibbons, Jr., all of Tampa, Fla., for appellant.

E. Calvin Johnson, of Tampa, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The referee in bankruptcy denied the petition of appellant to sell certain real estate free of liens. Upon petition to review, the district court reversed the ruling of the referee, and directed the allowance of the debt due appellant only as an unsecured claim. The question presented here is whether or not said debt is secured by a mortgage given by the bankrupt to secure a note executed to evidence an indebtedness incurred by partners doing business under the firm name of United Liquors.

The facts are undisputed. Nick O. Midulla, the bankrupt herein, executed a mortgage on his individual property to secure a line of credit to the partnership of which he was a member. Two days after the execution of the mortgage, he borrowed three thousand dollars from the bank and executed his individual note therefor. The money, at his direction, was placed to the credit of the partnership. It is clear that the money was borrowed for the partnership and is an indebtedness due by the partnership. We also think it comes literally within the terms of the mortgage. It is a promissory note executed to evidence an indebtedness incurred by the partnership. The fact that only one of the partners signed the note is not material, since what was actually done clearly shows that he was acting as the agent of the firm. We think the district court erred in not allowing the note to be proved as a secured claim. Cf. Commercial Credit Co. v. Harold W. Davidson, Trustee, 5 Cir., 112 F.2d 54, May 22, 1940.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.