**N. W. DAY SUPPLY COMPANY,**
**Petitioner, Appellant,**

**v.**

**Samuel VALENTI, Trustee, Appellee.**

**In the Matter of BAY STATE AIR CONDITIONING CORPORATION, Bankrupt.**

**No. 6465.**

United States Court of Appeals First Circuit.

Heard April 6, 1965.

Decided April 9, 1965.

Mark C. Yellin, Hartford, Conn., with whom Robert B. Basine, Hartford, Conn., was on brief, for appellant.

Richard Braverman, Boston, Mass., with whom Robert Robinson, Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, and MARIS* and BURGER,* Circuit Judges.

PER CURIAM.

Massachusetts General Laws, Chapter 254, Section 31 (1961 Stat. ch. 530) in terms causes a lien to arise in favor of materialmen upon the adjudication in bankruptcy of certain contractors. The Bankruptcy court refused to recognize any lien; the District Court affirmed, and this appeal followed.

This is not a case, as appellant argues, of a right to perfect, after bankruptcy, a lien previously initiated or created, cf. Bankr.Act, § 67, sub. b, 11 U.S.C. § 107, sub. b, but is merely an attempt to impose a special order of distribution upon the Bankruptcy court after the rights of all

---

* Sitting by designation.

parties had already been fixed by the filing of the petition. That this construction is not due to inadvertence of the draftsman is emphasized by the further provision to the effect that the so-called lien is subordinate to all liens otherwise created whether before or after the furnishing of the materials. In other words, it is the filing of the bankruptcy proceedings which, supposedly, creates the lien. Whatever may be the purpose of this statute, or its effect in other circumstances, it is plainly not within the exceptions permitted to a state to control the distribution of assets in the hands of the Bankruptcy court. Cf. Commercial Credit Co. v. Davidson, 5 Cir., 1940, 112 F.2d 54, 56.

Affirmed.