## HUNTER v. FORREST.

[75 South. 753, Division B.]

1. EXECUTORS AND ADMINISTRATORS. *Right to possession of property against claim of third party. Protection of creditors. Statute.*
   Under Code 1906, section 4784, commonly known as our "sign statute," an administratrix could maintain replevin for a stock of furniture held by deceased, who conducted the business of a trader in his own name, although another person had actually furnished the money for purchasing the stock, since presumptively the administratrix had the right of possession until all the creditors of deceased were paid, and it was immaterial that no actual debts against the estate were shown, where the time allowed creditors to probate accounts had not expired.

2. SAME.
   In such case, where the property had been purchased by the defendant in the name of the deceased at the time of the bankruptcy of defendant's husband, and the husband had turned over his exemptions to deceased, and there was no distinction between this property and that purchased by the wife in deceased's name, and since the creditors could have proceeded against the stock during deceased's life, their rights must be protected, after his death.

3. SAME.
   In such case, it was immaterial that the heirs of deceased had no right to the stock, or that the bankrupt's wife, the real owner, could claim the property or any surplus thereof, after deceased's debts had been paid; the right of possession of the administratrix, upon which the cause of action depended being superior to that of the true owner of the stock, solely because of section 4784, Code 1906, and because the administratrix represents the interest of creditors.

4. BANKRUPTCY. *Bankrupt's right to dispose of exempt property.*
   After a bankrupt has successfully claimed property as exempt he has the right to dispose of it as he sees proper.

APPEAL from the circuit court in Leflore county.
HON. F. E. EVERETT, Judge.

Replevin by Mrs. Homer B. Forrest, administratrix of the estate of Homer B. Forrest, deceased, against Mrs.

Annie Hunter. Judgment for claimant allowing recovery of part of the property involved, defendant appeals and claimant cross-appeals.

The facts are fully stated in the opinion of the court.

*J. W. Bradford,* for appellant.

The only question involved in this suit is, to whom does the property herein involved belong? And in answer to that, in view of the testimony in this record we submit that the evidence conclusively shows that all the property involved in this suit belongs to the appellant.

Mr. H. B. Forrest was an agent by agreement for Mrs. Hunter in all transactions connected with the furniture business in Itta Bena from March 11, 1915, the date which the trustee sold the goods until his death, April 22, 1915. Therefore all contracts that he made in connection with the furniture business inured to the benefit of Mrs. Hunter, the appellant.

Where an agent purchases property for his principal in the course of business, such property belongs to the principal. This rule is well laid down in 2 C. J., page 705, wherein it says: "Purchasing agents must not purchase for himself. As a general rule, the agent must not, without the principal's full knowledge and consent, purchase for himself, property which he is employed to purchase for his principal. If he does so, it is a breach of faith, and he will be regarded as holding the property so purchased, although purchased in his own name, or its proceeds for his principal, although he contributes his own funds to the purchase. This rule is held to apply, although the agent has no actual authority to purchase it at the time of the purchase."

The judgment of the lower court was correct in instructing the jury to award to the appellant all of the property involved in this suit except that part of the ruling of the court in instructing the jury to award to

the plaintiff the amount of James Hunter's exemption. As to this the court clearly committed error in instructing the jury to award to the plaintiff these exemptions because, if Mr. Forrest had purchased and paid for these exemptions when he took the same over from Chas. Posner's store under the law as laid down in C. J., *supra,* the same would immediatedly become the property of Mrs. Hunter. It is shown conclusively that he was acting as agent in this matter for Mrs. Hunter; that he was acting for her when Chas. Posner gave his receipt for an itemized statement of these exemptions and marked the same paid at the same time that they were transferred from his store to the store of Mrs. Annie Hunter, and beyond question in view of the testimony in the record, showing that the stock of goods was the property of Mrs. Hunter, Forrest was merely lending his name for Mrs. Hunter's convenience, then the exempt property became the property of Mrs. Hunter without any further transaction being necessary regarding it. The title to property received by an agent is in the principal, and the principal may maintain replevin therefor. 2 C. J., page 888.

H. B. Forrest, having died before this suit was instituted, the best evidence of his connection with this furniture store was in declarations he made regarding his connection with the business. No question was raised in the lower court as to the admissibility of this class of testimony. Declaration against interest and in disparagement of title to either real or personal property are competent evidence and have been so held in numerous authorities in this state, beside authority from several states. Declarations in disparagement of title or in explanation of the ownership of property both real and personal are held admissible. See the following cases: *Brown* v. *McGraw,* 12 S. & M. 267; *Graham* v. *Bushby,* 34 Miss. 272; *Walker* v. *Marsailles,* 70 Miss. 287, 12 So. 211; *Spears* v. *Burton,* 31 Miss. 547; *Henderson* v.

*Cargill,* 31 Miss. 367; 16 Cyc. 1219; Ency of Evid. page 89; *Bradley* v. *Stofford,* 23 N. H. 444; 4 A. & E. Ency. of Evid., page 91; *McLeod* v. *Swain,* 87 Ga. 156; 27 Asr. 229.

Under the testimony in this case, our opponents are bound to concede that Mr. H. B. Forrest was acting for Mrs. Hunter, as her agent in lending his name, under which was conducted this furniture business, and while so acting, he received from Chas. Posner, the exemption of James Hunter in the matter of the agreed value of two hundred dollars.

In view therefore of the law and the testimony in this case, this exempt property under this agency immediately became the property of Mrs. James Hunter, and was a part and parcel of the rest of the stock of merchandise and furniture and was not in any way directly or indirectly the property of Mr. Forrest.

The court therefore erred in instructing the jury to award to Mrs. Forrest this exempt property.

*Monroe McClurg,* for appellant.

Of the several undisputed facts disclosed by the record or agreed to in this cause, one of them in that the dead.man, Forrest, did not transact the business, and another is, even though it seems to have traveled along through the entire trial unnoticed, that there were no debts against the business by whomsoever transacted, managed, carried on or conducted, because the record is clear and altogether undisputable that the price bid at the open public sale made by the trustee in bankruptcy for the bankrupt stock was paid and that every time a bill was made to replenish the old stock a check was drawn to meet it. Is it not a correct statement to make that section 1300, nor any of its successors down to 4784, has never been appealed to without the statement or showing in some form of the obligation to be protected

by it? And, must it not be also shown, established, that there is an actual living obligation that has some reference to the business being transacted? "A little paste board sign Posner put up just for fun and which blew down in a few days." This honorable court will hardly allow countenance to mere possibilities and vague imaginations. There is not in this entire record a suggestion of the remotest character that there was in either fact, probability, or possibility in existence a claim against Mr. Forrest that provoked the statute relied upon by opposing counsel. Hence, it is most respectfully urged, the claim to representative protection of creditors under that law must fail. And, if so, according to their honorable statement of their cases, their case is lost. It is further clear that they had no other basis upon which to predicate the action of replevin, for all the proof and all the open and candid agreements between counsel is that there was not and could not be a single glimmer of a chance for the heirs, because all argee that Mr. Forrest never had a cents worth of interest in any item of the property. Section 4784, a law that most probably has hurt more people than it has helped could not help the heirs in the instance case. Mrs. Hunter and her heirs are happily protected by the facts indisputably disclosed on that proposition.

Now, if the above argument is sound, and it is of course believed to be, the trial court was right in directing the jury to award to Mrs. Hunter all of the property purchased by her at the trustees sale. And, it follows in legal and logical sequence that, the court erred in directing the jury to award to the administratrix the personal property which had been set aside to Mr. Hunter as exempted to him by law from every sort of legal process, except that for the purchase money which did not in anywise enter into the case. If there is any proposition put by the statute and decisions of this state beyond the reach of dispute, it is that a man may do what he pleases

with the property mercifully exempted to him for the maintenance and support of his family. Nor in any such case can such property be reached by section 4784. It had been lawfully selected by him, lawfully delivered to him, lawfully segregated from the bulk of the bankrupt stock and stored away in his friendly neighbor's store who did not even charge him storage or commissions on the small portions thereof sold for him.

*Hill & Witty,* for appellee.

The appellant and cross-appellee devotes her entire brief to the one proposition that according to the evidence in this case, H. B. Forrest, bought and held possession of the property in controversey merely as the agent of Mrs. Hunter. For the purpose of this appeal we do not care to deny this. As between the parties, Mrs. Hunter and H. B. Forrest, this may have been true. But this is a contest between Forrest's administratrix and Mrs. Hunter. The administratrix is the representative of Forrest's creditors. As a proposition of law this is so elementary that we do not deem it necessary to cite any authorities in support of the statement. When the administratrix qualified, by virtue of section 2026 of the Code of 1906, she was required to take oath that she would pay the debts of the decedent; by section 2056 of the Code, all personal property of the decedent is declared assets of this estate liable to his debts; by section 2095 of the Code, the administratrix is authorized and required to bring proper suits for the recovery of personal property belonging to the estate; by sections 2104 and 2105 of the Code, the administratrix was required to pay the taxes, and any other debts owing by the decedent. It is perfectly clear that Mrs. Forrest, when she became administratrix, was a mere officer of the court, the representative of creditors of the estate primarily, and secondarily the representative of the neirs. As stated above,

this is elementary law, (11 R. C. L. pp. 23–24–25), and it was not only her right but it was her duty to recover and collect all assets belonging to the estate of the decedent which were subject to the decedent's debts (11 R. C. L. P. p. 267). Moreover, she, herself, would have been liable had she been guilty of any negligence in this regard.

Opposing counsel in his argument does not take into account section 4784 of the Code of 1906, commonly referred to as our "Business Sign Statute." This statute has been construed so often by our court that its meaning and significance are perfectly clear. We submit that when the property in controversy remained in the storehouse up to the instant of Forrest's death as a part of a business which was being run in Forrest's name, that it became liable to the debts of H. B. Forrest, and was so liable at the instant of his death. There was a sign "H. B. Forrest" in front of the store; all goods were bought and paid for in his name; the bank deposits were made, and checks were drawn by him; to all appearances the business belonged to H. B. Forrest, and it was being run in his name.

This is abundantly proved by the testimony of James Hunter and by the testimony of Charles Posner. H. B. Forrest was held out to all the world as the owner of the business, and even though he had had no sign whatever, by virtue of section 4784 of the Code, his creditors, at the instant of his death, had the right to levy upon the property in controversy as his, and to subject it to the payment of their debts, because no sign disclosed his agency for Mrs. Hunter, and the agreement of agency between them was not of record.

As stated above, section 4784 has been repeatedly construed by this court. In the case of M. & F. Bank v. Schaff, 66 So. 402, this court reviewed and discussed the authorities, and the decision in that case is in line with the previous holdings of this court. In the case of Gal-

*lapsy* v. *Harvester Co.,* 67 So. 904, certain property, title to which was in the Harvester Company was delivered to the retail merchant, and used and acquired by it in its business without a proper sign to show the true owner-ship of the property. Subsequently the merchant became a bankrupt, and the trustee in bankruptcy replevied the property from the Harvester Company, claiming the right of possession by virtue of section 4784 of the Code. This court held in that case that, on account of the Business Sign Statute, the property was subject to the debts of the merchant, and that the trustee in bankruptcy, standing in the shoes of the creditors, was entitled to the possession of the property. In the case of *Hardware Company* v. *Harvester Company,* 70 So. 892, virtually the same issue was presented, except that the contest was between a receiver and the true owner of the property, and in that case, too, the sign statute was invoked, and the receiver was awarded the property.

We submit that the authorities mentioned above are decisive of this case. The administratrix, like the trustee in bankruptcy, and the receiver in chancery, stands as the representative of creditors. Certainly all the prop-erty in controversy at the instant of Forrest's death could have been levied upon by his creditors as his. If this be true then the administratrix certainly is entitled to the possession of the property in order to apply it to the payment of the decedent's debts. Forrest died on April 22, 1915, and his administratrix qualified some-time prior to the filing of this suit on May 17, 1915. The record does not show whether any publication to credi-tors in accordance with section 2103 was made or not, but this case was tried in November, 1915, and even if publication had been made immediately after the admin-istratrix qualified, the creditors would still have had several months in which to probate their claims against the estate after this case was decided by the trial court.

We submit that the trial court committed no error in awarding to the administratrix the exempt property, but that error was committed in not giving peremptory instruction for the administratrix as to all the property involved, the value of which was filed by agreement at seven hundred and sixty-nine dollars and ninty-five cents. We submit that the plaintiff, Mrs. Forrest, as administratrix, is entitled to judgment in this court for all the property involved, or, if not to be had, for the full value thereof, seven hundred and sixty nine dollars and ninty-five cents.

STEVENS, J., delivered the opinion of the court.

The facts of this case are not in dispute. The record shows that one James Hunter was, prior to March, 1915, engaged in the furniture business in the town of Itta Bena. He became financially involved, filed a voluntary petition in bankruptcy, and his estate was duly administered in and by the bankruptcy court. Hunter was permitted to claim two hundred and fifty dollars worth of his stock of furniture as exempt, and certain articles of furniture were accordingly set apart to him as exempt. The articles of furniture chosen or selected as exempt were removed from the main stock of goods and placed by Mr. Hunter in the store of his neighbor merchant, one Chas. Posner. Thereafter the trustee in bankruptcy offered the stock of goods for sale and sold the same to the highest bidder. Mrs. Annie Hunter, the wife of the bankrupt, desired to bid on this stock of goods, and to this end gained the consent of Mr. H. B. Forrest to appear at the sale and bid in the stock in Forrest's name but for the use and benefit of appellant who furnished the consideration. Mr. Forrest bid the sum of two hundred and eighty dollars for the remaining stock, and thereafter by agreement with Mrs. Hunter the furniture business was renewed in the name of H. B. Forrest, but

with funds advanced by Mrs. Hunter. The name of H. B. Forrest appeared at the place of business, also checks were drawn by him, the bank account was kept in his name, and so far as the public was concerned H. B. Forrest was the owner of the business. It appears that Mr. Forrest himself had little to do in conducting the business, but James Hunter, the former bankrupt, did the clerking and managed the business. After Forrest bought the stock, James Hunter turned over to him the articles of furniture which he had selected as exempt, and these exempt articles thereupon became a part of the stock. It appears that James Hunter delivered his exempt property for the purpose of stocking the furniture business, and placed the articles in the store for the purposes of sale. During the month of April, 1915, Mr. Forrest died, intestate, and thereafter his wife, the appellee herein, was appointed administratrix of his estate. Mrs. Forrest thereupon, as administratrix, asserted her right to the possession of the stock, and instituted this action of replevin against James Hunter; and Mrs. Annie Hunter thereupon filed a claimant's affidavit, contending that she was the owner of the business and had the right to the possession. Mrs. Hunter, the claimant, executed a bond and took possession under and by virtue of her claimant's bond. On the trial of the claimant's issue in the circuit court, there being no controversy about the facts, the trial judge peremptorily charged the jury to find for the claimant as to all property involved in the suit, except the exempt property before that time selected by James T. Hunter, list of which is in evidence, and the specific articles were set out in the instruction. From the judgment entered in pursuance of the peremptory charge, Mrs. Hunter prosecutes a direct appeal; while Mrs. Forrest, as administratrix, prosecutes a cross-appeal.

Mrs. Hunter claims that she is the principal, that she furnished the entire consideration for the purchase of

the stock, and all moneys with which the business was conducted and is the full owner. Mrs. Forrest invokes section 4784 of the Code, commonly known as our "sign statutes," contends that by virtue of this statute H. B. Forrest's estate is liable to creditors, that the creditors of H. B. Forrest have a right to satisfy their demands from the proceeds of the sale of the stock, and that she, as administratrix, represents her deceased husband's creditors, and therefore has a right to the possession of the stock for the benefit of creditors. The record does not disclose probated debts against the estate of H. B. Forrest, deceased, but letters of administration had been recently granted, and the time for probating accounts had not expired.

If this were a contest solely between Mrs. Hunter and H. B. Forrest or the representatives of H. B. Forrest, it may be conceded that appellant should prevail. But Mrs. Forrest institutes this action as the administratrix, and as such she represents the interest of creditors of H. B. Forrest, deceased, and is charged with the duty of bringing needed suits for the recovery of property or for the collection of debts owing the decedent. In our judgment, section 4784, Code of 1906, is applicable, and the creditors of H. B. Forrest have a right to proceed against the stock. If the creditors of H. B. Forrest could levy upon this stock during his lifetime they should be accorded the right to satisfy their demands out of the proceeds of the stock after his death. The stock under the statute stands charged with the debts of the ostensible owner, and this record shows that to all appearances the business belonged to H. B. Forrest, and was being operated in his name. The only uncertainty arises out of the failure of the record to show affirmatively that there are any creditors having provable accounts against the estate of H. B. Forrest, deceased. We are justified in assuming that the very purpose of the administration was to pay debts and at the

same time conserve the equities of H. B. Forrest's heirs or representatives. The only sure way of knowing whether there are creditors is to take out administration, make legal publication to the creditors, and by complying with the statutes cause the statute of limitations, the time allowed creditors to probate accounts, to run against creditors having provable claims. This time at the trial of this suit had not expired. Presumptively Mrs. Forrest had the right of possession until all creditors are paid. We accordingly hold that the property should have been delivered to her to be disposed of under proper orders of the chancery court and for the purpose of paying the lawful debts of the decedent. We see no distinction to be made between the articles of furniture at one time claimed by James Hunter as exempt and the balance of the stock. The so-called exempt property was by James Hunter voluntarily turned over or delivered to H. B. Forrest for the purpose of stocking the business, and, when delivered, became merged in the stock as a part thereof, and liable for the debts of the business. After James Hunter had successfully claimed these articles as exempt, he had a right to dispose of them as he saw fit, and in the exercise of this right he elected to turn them over to H. B. Forrest for the use and benefit of his wife, Mrs. Hunter, the undisclosed principal. He put the articles in the store with the view of having them sold as part of the stock.

The main inquiry in this suit is: Who had the right of possession? We think the judgment should have been in favor of Mrs. Forrest, appellee and cross-appellant. In reaching this conclusion we are mindful of the fact, frankly conceded by counsel for appellee, that the heirs of H. B. Forrest have no right to the stock or the proceeds thereof. In delivering possession to the administratrix, then, it should be done without prejudice to the right of Mrs. Hunter, the real owner, to claim the property or any surplus thereof after the debts of H. B. For-

rest are paid. We believe the rights of the parties can can well be conserved by proper orders of the chancery court. We see nothing to prevent the chancery court having jurisdiction of the estate of H. B. Forrest from keeping a separate inventory and account of this stock; and, after seeing that the probated debts are fully satisfied, the chancellor court could well direct any remaining portion of the stock or proceeds thereof to be delivered to appellant as the real owner. If insisted upon, the exemption claimed by the husband, James Hunter, could be dealt with separately and his rights as the legal owner of these articles fully protected. It is sufficient to say that in this proceeding the right of possession of Mrs. Forrest as administratrix is superior, and this is true solely because of section 4784 of our Code, and because, further, Mrs. Forrest represents the interest of creditors. The result reached by us finds support in the recent cases of *Merchants' & Farmers' Bank* v. *Schaaf,* 108 Miss. 121, 66 So. 402; *Gillaspy* v. *Harvester Co.,* 109 Miss. 136, 67 So. 904; *Hardware Co.* v. *Harvester Co.,* 110 Miss. 783, 70 So. 892.

The judgment of the learned circuit court will be reversed on cross-appeal, and judgment entered here in favor of appellee, Mrs. Forrest, awarding her possession of the entire stock or the true value thereof, but without prejudice to the right of Mrs. Hunter to claim her equity in the property after the creditors of H. B. Forrest are satisfied.

*Judgment here for cross-appellant.*